IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GARRY STAPLETON,                                                                                                                       PLAINTIFF
ADC # 672666

v.                                          4:23CV01124-LPR-JTK

DOE, et al.                                                                                                                                         DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

      The following recommended disposition has been sent to United States District Judge Lee P. Rudofsky. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

**I.    Introduction**

      Garry Stapleton ("Plaintiff") is in custody at the White County, Arkansas, Detention Center. He filed a document titled "Article 78 Show Cause" that was docketed as a Complaint. (Doc. No. 1).[1] He also filed a Motion to Proceed in forma pauperis, which the Court granted. (Doc. Nos. 7, 8).

      Upon screening Plaintiff's claims under the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute, the Court found that Plaintiff failed to state a claim on which relief may be granted. (Doc. No. 9). Plaintiff was given the chance to file an Amended Complaint to cure

---

[1] Additionally, Plaintiff filed a Supplement to his Complaint that is, with very little exception, a verbatim reproduction of the Complaint. (Doc. No. 3). Because the two documents are virtually identical, the Court will refer only to the Complaint in this Order.

the deficiencies in his pleading. (Id.). Plaintiff filed his Amended Complaint on January 30, 2024. (Doc. No. 10). The Court asked Plaintiff to supplement his Amended Complaint, which Plaintiff did on February 15, 2024. (Doc. Nos. 11, 13).

The Court will now continue screening Plaintiff's claims.

**II.     Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III.     Discussion

#### A.     Plaintiff's Amended and Supplemented Complaint

Plaintiff sued the White County Detention Center, Jackie Stebbins, H. Ross, Clayton E. Edwards, and Phillip F. Millen in their personal and official capacities. (Doc. No. 10 at 1-2). Plaintiff says that on November 17, 2023, he requested Jackie Stebbins, the Detention Center's notary public, to notarize three powers of attorney. (Id. at 4). Plaintiff says that Officer Jacob Bird returned the documents to Plaintiff unnotarized, stating that per Defendant Edwards, the Detention Center no longer offered notary services to inmates. (Id.). Plaintiff alleges Defendant Edwards violated Plaintiff's First Amendment rights by denying Plaintiff the chance to notarize the powers of attorney. (Id. at 4-5). As a result of not having the notarized documents, Plaintiff "lost [his] apartment in New York, [his] furniture, [his] clothes, [his] electronics." (Id. at 5). Plaintiff explained that he was from New York City and did not have family who could hire a notary to come to the Detention Center. (Id.). Plaintiff "want[s] the money [he] lost to be returned to [him]," along with other damages. (Doc. No. 10 at 6).

In his Supplement, Plaintiff explains that in November, 2023, he was informed that if he did not pay rent by December 2023, the landlord would vacate Plaintiff's 3-year, $1,500 per month lease and dispose of Plaintiff's property. (Doc. No. 13 at 4). Plaintiff's estranged wife agreed to take over the apartment and the rent if Plaintiff sent her a notarized power of attorney. (Id.).

Plaintiff maintains that Detention Center officials refused to notarize the power of attorney forms Plaintiff submitted, and Plaintiff's landlord refused to accept an un-notarized document. (Id.). Plaintiff's landlord disposed of Plaintiff's property and refused to accept payment from Plaintiff's wife because she was not on the lease. (Id. at 5).

3

**B.     Access to the Courts**

Plaintiff claims that the denial of notary services violated his constitutional rights. The Court interprets Plaintiff's allegations as raising an access to the courts claim. Plaintiff, like all prisoners, has "a constitutional right of access to the courts," which includes the ability to seek a new trial, release from confinement, or the vindication of constitutional rights. Bounds v. Smith, 430 U.S. 817, 824, 827 (1977) (overruled on other grounds). To state a First Amendment claim, a plaintiff must allege actual injury – in an access to the courts claim the injury would be "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim." Hartsfield v. Nichols, 511 F.3d 826, 831 (8th Cir. 2008). To prove actual injury, a plaintiff must "demonstrate that a nonfrivoulous legal claim had been frustrated or was being impeded." White v. Kautzky, 494 F.3d 677, 680 (8th Cir. 2007) (citing Lewis v. Casey, 518 U.S. 343, 353 (1996)). Speculative injuries are insufficient; the inmate must identify a specific injury related to the alleged deprivation. Hartsfield, 511 F.3d at 833; Lewis, 518 U.S. at 351. When considering an access to the courts claim, courts must first consider whether the plaintiff suffered an actual injury because actual injury "concerns the prisoner's standing to bring a claim, and thus [the court's] jurisdiction." Kautzky, 494 F.3d at 680.

As to actual injury, Plaintiff explained that his New York landlord vacated Plaintiff's lease and sold Plaintiff's personal property. (Doc. No. 10 at 5; Doc. No. 13 at 4-5). Plaintiff's allegations do not establish the type of actual injury required in an access to the courts claim. As set out above, the type of injury that Plaintiff was required to demonstrated was "the hindrance of a nonfrivolous and arguable meritorious underlying legal claim." Hartsfield, 511 F.3d at 831. As the United States Supreme Court has explained, the only tools prisoners must be provided "are those that the inmates need in order to attack their sentences, directly or collaterally, and in order

4

to challenge the conditions of their confinement." Lewis v. Casey, 518 U.S. 343, 355 (1996). Beyond that, the "[i]mpairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Id.

Plaintiff did not identify a qualifying underlying legal claim. And while it is tragic that Plaintiff lost his lease and personal property, his losses do not establish actual injury for the purposes of an access to the courts claim. As a result, Plaintiff's personal and official capacity claims fail. Accordingly, Plaintiff's Amended, Supplemented Complaint should be dismissed.

## IV. Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1. This action be DISMISSED without prejudice for failure to state a claim on which relief may be granted.

2. The Court recommend[2] that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

---

[2] The number of strikes a plaintiff has accrued may be determined only by looking backwards to past dismissals; 28 U.S.C. § 1915(g) leaves the effective decision to the later tribunal. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

[3] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dated this 20th day of February, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE