IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GARRY STAPLETON**  **PLAINTIFF**
**#672666**

v.          Case No. 4:23-cv-01124-LPR

**DOE, et al.**          **DEFENDANTS**

**ORDER**

The Court has reviewed the Recommended Disposition (RD) submitted by United States Magistrate Judge Jerome T. Kearney (Doc. 14) and the Plaintiff's Objections (Doc. 15). After a *de novo* review of the RD, along with careful consideration of the Objections and the entire case record, the Court hereby approves and adopts the RD in its entirety as this Court's findings and conclusions in all respects.[1]

Accordingly, this action is DISMISSED without prejudice for failing to state a claim on which relief may be granted. The Court recommends that dismissal of this case count as a "strike," in the future, for purposes of 28 U.S.C. § 1915(g). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

IT IS SO ORDERED this 8th day of July 2024.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[1] In his Objections, Mr. Stapleton offers additional injuries he suffered due to the refusal to notarize his power of attorney. For example, he asserts that "the power of attorney was essential to his estranged wife being able to contact his lawyer here in Arkansas to challenge his criminal proceedings and obtain release from confinement" and "to discuss objectives with his court appointed attorney to come up with legal strategies." Pl.'s Objections (Doc. 15) at 2, 3. But Mr. Stapleton did not allege any injuries of this nature in his pleadings. Even if he had, they would not support an access to the courts claim. Mr. Stapleton does not have a right to appoint his estranged wife as an intermediary to assert conditions of confinement claims or confer with his attorney on his behalf.